**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**GARY DALE MOORE,**

    **Petitioner,**

**v.**                                                          **Civil Action No. 3:15cv128
(GROH)**

**JENNIFER SAAD,**

    **Respondent.**

**ORDER DENYING AS MOOT PETITIONER'S FIRST AND SECOND *PRO SE*
MOTIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND
<u>RE-SETTING TIME FOR PETITIONER TO RESPOND</u>**

On November 23, 2015, the *pro se* Petitioner initiated this case by filing a petition for writ of habeas corpus against the above-named Respondent pursuant to 28 U.S.C. §2241. On November 24, 2015, the Petitioner was granted permission to proceed as a pauper and assessed an initial partial filing fee ("IPFF"). Petitioner paid the requisite fee on November 30, 2015.

On December 9, 2015, the undersigned conducted a preliminary review of the file, determined that summary dismissal was not appropriate at that time, and directed the Respondent to answer the petition. On December 14, 2015, the Respondent filed its response and a motion to dismiss. The certificate of service on Respondent's dispositive motion indicated that a copy was sent to the Petitioner by first class mail, postage prepaid.[1] Nonetheless, on December 28, 2015, Petitioner filed a *pro se* motion to void the <u>Roseboro</u> Notice, "due to the Government's bad faith," contending that he had not received the Respondent's dispositive motion and was unaware it had even been filed, until he received the December 15, 2015 <u>Roseboro</u> Notice. Accordingly, by Order entered January 4, 2016, Petitioner's motion was granted in part; the Respondent was

---
[1] Dkt.# 15 at 2 and Dkt.# 16 at 9.

directed to provide Petitioner with another copy of its response and dispositive motion via certified mail and file proof of the same with the Court; and the time for Petitioner to respond to the same was re-set. On January 5, 2016, the Respondent filed a certificate of service, evincing service of another copy of its response and dispositive motion to Petitioner via certified mail. (Dkt.# 22). On January 11, 2016, the certified mail return receipt for the second copy of Respondent's response and dispositive motion was filed with the Court, indicating that it had been delivered to Petitioner on January 8, 2016. (Dkt.# 25).

On January 11, 2016, Petitioner filed a Motion Request to Grant Writ of Habeas Corpus (Dkt.# 24), alleging a due process violation, stating that Respondent had still not provided him with its response and dispositive motion, but only a certificate of service that claimed that another copy of it had been sent to him via certified mail. As relief, he requests that his §2241 petition be granted, because the Respondent was prejudicing his defense by its "bad faith."

On February 5, 2016, Petitioner filed a second Request to Grant Writ of Habeas Corpus, now contending that he had finally received the Respondent's response and dispositive motion but that it was "broken" because page two was missing, and there was still no certificate of service. Again, as relief, he requests that his §2241 petition be granted, to compensate him for Respondent's "repeated display of bad faith" and failure to follow this Court's direct order.

On February 9, 2016, the Respondent filed a certificate of service, evincing that an additional copy of the missing page two from its Memorandum of Law in Support of Respondent's Motion to Dismiss or for Summary Judgment had been sent to the Plaintiff, and an additional copy of the certificate of service.

Because Petitioner has already received the requested relief, Petitioner's two motions (Dkt.# 24 and Dkt.# 26) requesting that his §2241 petition for writ of habeas corpus are **DENIED as moot.**

Accordingly, because of the delay in what appears to have been due to clerical error on Respondent's part, Petitioner will have an additional **twenty-one (21) days from the date of the entry of this Order, or until March 1, 2016, to file any response** he might have to the Respondent's motion to dismiss.

**IT IS SO ORDERED.**

The Clerk is directed to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to provide electronic copies of this Order to all counsel of record.

DATED: February 9, 2016

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE