# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**GARY DALE MOORE,**

    Petitioner,

v.                               **CIVIL ACTION NO.: 3:15-CV-128 (GROH)**

**JENNIFER SAAD**,

    Respondent.

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed R&R. On May 4, 2016, Magistrate Judge Seibert issued his R&R, which recommends that this Court deny and dismiss with prejudice the petition as it pertains to West Virginia Code § 61-5-10(b), deny and dismiss without prejudice the Petitioner's right to seek certification from the Fourth Circuit to file a second or successive petition pursuant to 28 U.S.C. § 2255 and dismiss as moot the Government's motion to dismiss.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a petitioner's right to appeal this Court's order.

28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, pursuant to 28 U.S.C. § 636(b)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Seibert's R&R were due within fourteen days after being served with a copy of the R&R. The Petitioner was served with the R&R on May 9, 2016. To date, neither party has filed objections. Accordingly, this Court will review the R&R for clear error.

On October 25, 2007, the Petitioner entered a plea of guilty in the United States District Court for the Southern District of West Virginia to the offense of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Written Plea of Guilty and Plea Agreement, United States v. Moore, No. 2:07-cr-23 (S.D. W. Va. Oct. 25, 2007), ECF Nos. 88, 89. On February 21, 2008, the Petitioner was sentenced to a 180-month-term of imprisonment. Judgment, United States v. Moore, No. 2:07-cr-23 (S.D. W. Va. Feb. 22, 2008), ECF No. 100. On November 23, 2015, the Petitioner filed the instant § 2241 petition with this Court seeking sentencing relief under Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, the Petitioner avers that the United States District Court for the Southern District of West Virginia improperly characterized his prior conviction of jailbreak, in violation of West Virginia Code § 61-5-10(b), as a predicate violent felony for the purposes of sentencing enhancement under the Armed Career Criminal Act ("ACCA"), resulting in a sentence that was "84 months greater than [what] he would have received" had his sentence been properly calculated. See ECF No. 1-1 at 4.

2

In Johnson, the Supreme Court found the residual clause of ACCA to be unconstitutionally vague. 135 S. Ct. at 2557. Recently, the Supreme Court held that its decision in Johnson applies retroactively. Welch v. United States, 136 S. Ct. 1257, 1265 (2016). Pursuant to 28 U.S.C. § 2255(h)(2), a petitioner must receive authorization from the appropriate court of appeals to file a second or successive § 2255 petition that is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Thus, a petition pursuant to § 2255, rather than § 2241, is the proper vehicle through which the Petitioner may raise his Johnson claim.[1]

Accordingly, the Court finds that Magistrate Judge Seibert's Report and Recommendation [ECF No. 30] should be, and is, hereby **ADOPTED IN PART**. The Court **ORDERS** that the Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] is **DISMISSED** without prejudice. The Court further **ORDERS** that the Government's Motion to Dismiss [ECF No. 15] is **DENIED** as moot.

The Court **ORDERS** this case **STRICKEN** from its active docket.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent.

Because the instant petition seeks relief pursuant to § 2241, the Court makes no certificate of appealability determination in this matter.

---

[1] The Court notes that on May 2, 2016, the Petitioner was granted authorization from the Fourth Circuit to file a second or successive § 2255 petition in order to challenge his February 21, 2008 sentence. Order of Fourth Circuit Court of Appeals, United States v. Moore, No. 2:07-cr-23 (S.D. W. Va. May 2, 2016), ECF No. 197. That same day, the Petitioner's § 2255 petition was filed in the Southern District. Motion Pursuant to Section 2255, United States v. Moore, No. 2:07-cr-23 (S.D. W. Va. May 2, 2016), ECF No. 198.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** June 24, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE